**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Nichol, | No. CV-22-00031-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| On Point Solar Power LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Raymond Nichol's ("Plaintiff") Motion for Default Judgment (Doc. 15) against Defendants On Point Solar Power LLC, On Point Alarm Incorporated, Jacob Davison, Natalie Davison, James Warner, and Sarah Warner (collectively, "Defendants").[1] No response to this Motion has been filed. Having reviewed Plaintiff's Motion, supporting documents, and the record in this matter, the Court will grant the Motion.

**I.     BACKGROUND**

On January 7, 2022, Plaintiff filed a Complaint against Defendants On Point Solar Power, LLC, On Point Alarm, Inc., Jacob Davison, Natalie Davison, James Warner, and Sarah Warner. (Doc. 1). The Complaint seeks damages for certain unpaid wages that

---

[1] Plaintiff submits that Defendants were incorrectly named as Jacob Davidson, Jane Doe Davidson, James Werner, and Jane Doe Werner in the Complaint. Plaintiff asserts that Defendants' correct names are, respectively, Jacob Davison, Natalie Davison, James Warner, and Sarah Warner. The Court will refer to Defendants by their correct names or, when appropriate, "Defendants" throughout this Order to minimize confusion.

Plaintiff asserts Defendants owe. (*Id.* at 2). The Complaint has three Counts: (1) failure to pay minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (2) failure to pay minimum wage, in violation of the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363 *et seq.*; and (3) failure to pay wages due and owing, in violation of the Arizona Wage Act ("AWA"), A.R.S. § 23-350 *et seq.* (*Id.* at 1–2).

Defendants were served on January 14, 2022, and their deadline to answer or move against the Complaint was February 8, 2022. (Docs. 6–11). Defendants failed to answer or otherwise respond to the Complaint. On February 8, 2022, Plaintiff filed an Application for Entry of Default against Defendants pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Doc. 13). That same day, the Clerk of Court entered default against Defendants. (Doc. 14). On February 16, 2022, Plaintiff filed a Motion for Default Judgment pursuant to FRCP 55(b), which is the Motion presently before the Court. (Doc. 15).

Plaintiff seeks $4,200 in liquidated damages. (*Id.* at 8). Plaintiff intends to file a motion for attorneys' fees and costs following an award of default judgment. (*Id.*). Defendants failed to respond to Plaintiff's Motion and have still not appeared in this action.

**II.   DISCUSSION**

   **A. Subject Matter Jurisdiction, Personal Jurisdiction, and Service of Process**

Courts have an affirmative duty to determine their jurisdiction over both the subject matter and parties when a default judgment is sought against a non-appearing party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court *has no power*

*to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

Regarding subject matter jurisdiction, the Court may exercise jurisdiction as Plaintiff filed a claim arising from a FLSA violation. (Doc. 1 at 2). The FLSA states that an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction." 29 U.S.C.A. § 216. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to the AMWA and AWA, as they pertain to the same case or controversy: Plaintiff's alleged unpaid wages. *See* 28 U.S.C.A. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ."); *see also Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

As to personal jurisdiction, the Court has jurisdiction over Defendants because they are citizens of Arizona and were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served). According to the Complaint, Defendants Jacob Davison, Natalie Davison, James Warner, and Sarah Warner are owners of On Point Solar Power, LLC and On Point Alarm, Inc., and are themselves residents of Arizona. (Doc. 1 at 4–5); (Doc. 1-1). Defendants On Point Solar Power, LLC and On Point Alarm, Inc. were limited liability companies duly licensed to conduct business in Arizona and conducted customary business in Maricopa County, Arizona. (Doc. 1 at 3–4). Defendants were served copies of the summons, Complaint, preliminary order, and other relevant documents by a certified

process server in person on January 14, 2022. (Docs. 6–11). As the Rules provide that service of a limited liability company is proper when sufficient process is served to its managing or general agent, officer, or partner, Defendants On Point Solar Power, LLC and On Point Alarm, Inc. were properly served, as well. Fed. R. Civ. P. 4(h); *see also* Ariz. R. Civ. P. 4.1(i).

Having found the jurisdictional and service of process requirements to be satisfied, the Court next considers whether default judgment is appropriate.

### B. Default Judgment Analysis: *Eitel* Factors

A court has the discretion to enter a default judgment after a defendant's default. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising this discretion, a court must consider the seven "*Eitel* factors": (1) the possibility of prejudice to the plaintiff; (2) the claim's merits; (3) the complaint's sufficiency; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Id.* at 1471–72. In applying these factors, the complaint's factual allegations, except those pertaining to the amount of damages, will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

#### i. The First, Fifth, Sixth, and Seventh *Eitel* Factors

The first, fifth, sixth, and seventh factors weigh in favor of or are neutral about default judgment in cases in which the defendants have not participated in the litigation at all. *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3–4 (D. Ariz. Mar. 27, 2020) ("In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed."). Regarding the first factor, which considers the possibility of prejudice to the plaintiff, Plaintiff here will be left without recourse and would therefore suffer prejudice in the absence of default judgment. *Id.* at *3. As to the fifth factor, which considers the possibility of a dispute regarding material facts, the Defendants' failure to participate means there is no dispute of material fact. *Id.* at *4. The sixth factor considers whether the

default was due to excusable neglect. *Id.* Here, the Defendants' failure to participate after being personally served does not indicate that default was due to excusable neglect. *Id.* Lastly, the seventh factor—which considers the policy favoring decisions on the merits—would typically weigh against an entry of default judgment. *Id.* However, this consideration is not dispositive, as default judgments exist to deal with wholly unresponsive parties. *Id.* Here, a decision on the merits is impossible, given that Defendants have failed to appear. In sum, the first, fifth, sixth, and seventh factors weigh in favor of default judgment.

### ii. The Second and Third *Eitel* Factors

The second and third *Eitel* factors consider the claim's merits and the complaint's sufficiency. *Eitel*, 782 F.2d at 1471. Courts frequently consider these to be the two most important factors. *Zekelman Indus. Inc.*, 2020 WL 1495210, at *5 (citing *Viet. Reform Party v. Viet Tan – Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). These factors are generally thought to require a plaintiff to state a claim on which he may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Taking Plaintiff's factual allegations as true, this Court finds that the Complaint sufficiently states a claim for relief against Defendants for a violation of the FLSA. Section 206 of the FLSA requires employers to pay a minimum wage to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C.A. § 206(a). "To establish a minimum-wage . . . violation of the FLSA, Plaintiff must establish three elements: (1) [he] was an employee of Defendants; (2) [he] was covered under the FLSA; and (3) Defendants failed to pay [his] minimum wage." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing (29 U.S.C. §§ 206(a), 207(a))). As to the first element, Plaintiff pleads in the Complaint that he was an employee of Defendants as defined by the FLSA. (Doc. 1 at 6). Plaintiff also meets the second element because he alleges the FLSA applies to the Defendants and that he was a non-exempt employee. (*Id.* at 6, 9). Finally, as to the third element, Plaintiff alleges Defendants failed to pay him any wages for his last pay period, let alone the federally

mandated minimum wage. (*Id.* at 8). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay Plaintiff the mandated minimum wage for the final pay period of his employment—that, taken as true upon default, show Defendants violated the FLSA. (*Id.* at 7–11).

This Court finds Plaintiff's well-pled factual allegations, taken as true upon default, show Defendants violated the AMWA. To state a claim under the AMWA, the defendant must be an employer under the statute, the plaintiff must be a qualified employee of the defendant, and "the plaintiff must allege that [he] was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363). Under this statute, an employer includes any corporation, limited liability company, or individuals "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). In order to qualify as an employer, the corporation or limited liability company must generate no less than $500,000 in gross annual revenue. A.R.S. § 23-362(C). This statute holds that an employee "means any person who is or was employed by an employer but does not include any person who is employed by a parent or a sibling, or who is employed performing babysitting services in the employer's home on a casual basis." A.R.S. § 23-362(A). According to Plaintiff's factual allegations, Defendants qualify as employers because they are limited liability companies or individuals "acting directly or indirectly in the interest of an employer in relation to an employee" and their enterprise had annual gross sales of at least $500,000. (Doc. 1 at 3–4, 6–7). Plaintiff was an employee for purposes of the AMWA because he was a W-2 employee of Defendants and did not fall into any of the statute's exemptions. (*Id.* at 6, 8–9). As stated above, Plaintiff alleges he was not paid any wages, let alone the mandated minimum wage, for his final pay period. (*Id.* at 8). Plaintiff's well-pled factual allegations—which claim Defendants failed to pay Plaintiff the state-mandated minimum wage for his final pay period—taken as true, show Defendants violated the AMWA. (*Id.* at 7–13).

This Court finds that Plaintiff adequately pled facts to establish AWA claims against

Defendants On Point Solar Power, LLC, and On Point Alarm, Inc., but that Plaintiff cannot establish claims against the other Defendants because they are not "employers" for purposes of AWA liability. The AWA defines employers as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350. This definition does not provide individual liability against owners or agents of a corporation or other business entity. *See Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021); *see also Channel v. Home Mortg., Inc.*, No. CV 03-00100-PHX-ROS, 2005 WL 8160525, at *14 (D. Ariz. Sept. 21, 2005). Plaintiff's Complaint specifies that all Defendants were employers of Plaintiff as defined by the FLSA and AMWA. (Doc. 1 at 3–7). However, Plaintiff's Complaint does not specify that Defendants Jacob Davidson, Natalie Davidson, James Warner, and Sarah Warner were Plaintiff's employers as defined by the AWA. (*Id.* at 4–7). Instead, these four Defendants are described as owners and "persons who acted in the interest of Defendants On Point Solar Power, LLC and On Point Alarm, Inc. in relation to the company's employees." (*Id.* at 4–6). As claims under the AWA may only be brought against corporate employers and not agents or owners of corporate employers, Plaintiff may only bring the AWA claim against Defendants On Point Solar Power, LLC and On Point Alarm, Inc. *See Rosen*, 2021 WL 2981590, at *5 (finding that AWA's statutory definition of "employer" does not "authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages").

To establish a violation of the AWA, a plaintiff "must prove that [d]efendants did not timely pay all wages due as required under the AWA." *Grabda v. IMS Acquisition LLC*, No. CV-20-00117-TUC-MSA, 2020 WL 5544366, at *2 (D. Ariz. Sept. 16, 2020) (citing A.R.S. § 23–351(A), (C)). Plaintiff alleges that for his final pay period of work, Defendants paid him no wages whatsoever. (Doc. 1 at 8). Thus, with respect to Defendants On Point Solar Power LLC and On Point Alarm Inc., Plaintiff's well-pled factual allegations—that

Defendants failed to pay Plaintiff all wages due—show Defendants violated the AWA.

In sum, this Court finds that Plaintiff's Complaint alleges sufficient facts that, taken as true, show that all Defendants violated the FLSA and AMWA, and that Defendants On Point Solar, LLC and On Point Alarm, Inc. violated the AWA. Therefore, the second and third *Eitel* factors support an entry of default judgment on all three Counts against their respective, appropriate defendants.

### iii. The Fourth *Eitel* Factor

This Court finds the amount of money at stake in this action does not weigh against default judgment. An entry of default judgment is discouraged when the sum of money at stake is substantial or unreasonable. *See Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012); *see also Eitel*, 782 F.2d at 1472 (sought relief of $3 million discouraged a default judgment). However, default judgment may be appropriate when the amount at stake is proportional to the defendant's misconduct, supported by evidence, or required by statute. *See Bd. of Trs.*, 2012 WL 380304, at *4.

Here, Plaintiff seeks a total of $4,200 in relief, exclusive of attorneys' fees. (Doc. 15 at 7). The Court does not find this amount to be so "substantial or unreasonable" as to discourage default judgment. Plaintiff was employed by Defendants for $35 per hour. (Doc. 1 at 7). Plaintiff asserts that Defendants failed to pay him for 40 hours of work. (*Id.* at 8). Thus, Plaintiff's requested amount accurately represents the amount of wages—trebled, as prescribed by the AWA—that Defendant allegedly failed to pay Plaintiff, and this Court has no reason to believe that it is excessive. A.R.S. § 23-355(a). Moreover, Plaintiff supports the requested amount with evidence—that is, with his own sworn declaration. (*See* Doc. 15-1). All told, given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds that the fourth factor weighs in favor of default judgment.

//

### C. Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Thus, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that for his final pay period of 40 hours, Defendants failed to compensate Plaintiff altogether, let alone compensate him with his typical hourly rate of $35.00 per hour. (Doc 15-1 at 2). Based on these figures, Plaintiff asserts he is owed $1,400 total in unpaid minimum wages and other wages under the FLSA and Arizona laws. (*Id.*). Additionally, Plaintiff notes that he is entitled to double damages under the FLSA and treble damages under the AMWA and AWA. (*Id.*). Indeed, the FLSA provides for double damages when an employer violates 29 U.S.C.A. § 206. *See* 29 U.S.C.A. § 216(b). Likewise, the AMWA and AWA provide for treble damages when an employer fails to pay an employee the required minimum wage or other wages due. A.R.S. §§ 23-364(G), 23-355(a). Using the highest treble-damages penalty, Plaintiff seeks statutory damages of $4,200. (Doc. 15 at 7). Plaintiff's requested relief accurately calculates the damages he is statutorily entitled to and is supported by Plaintiff's declaration. Therefore, this Court finds it appropriate to award Plaintiff $4,200 in liquidated damages.

Additionally, Plaintiff intends to file a motion to recover his attorneys' fees and

costs incurred in this action upon entry of a default judgment. (*Id.* at 7–8). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in unpaid minimum wages judgments awarded to a plaintiff. 29 U.S.C.A. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). To the extent Plaintiff requests attorneys' fees in the motion for default judgment, the Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

### III.   CONCLUSION

Having reviewed Plaintiff's Motion and supporting documents in light of the *Eitel* factors, this Court concludes that the entry of default judgment is appropriate with respect to Counts One and Two against all Defendants and Count Three against Defendants On Point Solar, LLC, and On Point Alarm, Inc.

Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 15) is **granted**. Default judgment, pursuant to FRCP 55(b)(2), is entered in favor of Plaintiff on Counts One (FLSA violation claim) and Two (AMWA violation claim) against all Defendants. Default judgment is entered in favor of Plaintiff on Count Three (AWA violation claim) against Defendants On Point Solar LLC and On Point Alarm Incorporated.
2. That Count Three is **dismissed** against Defendants Jacob and Natalie Davison and James and Sarah Warner.

//
//
//
//
//

3. That Count Three is **dismissed** against Defendants Jacob and Natalie Davison and James and Sarah Warner.
4. That Defendants shall pay, jointly and severally, **$1,458 in liquidated damages** pursuant to A.R.S. § 23-364.
5. That Defendants On Point Solar LLC and On Point Alarm Incorporated shall pay, jointly and severally, **$2,742 in liquidated damages** pursuant to A.R.S. § 23-355.
6. That Plaintiff shall have until **no later than June 28, 2022** to file an application for attorneys' fees and costs. Plaintiff is advised that such application will be denied unless it fully complies with FRCP 54(d), LRCiv. 54.1, and LRCiv. 54.2.
7. That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 15th day of June, 2022.

                                                                       *[signature]*
Honorable Steven P. Logan
United States District Judge